THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER SHOULTENS *et al.*—(MARIO CHIOSTRI, Plaintiff in Error.)

*Opinion filed June 22, 1927.*

1. CRIMINAL LAW—*when defendant fails to establish his alibi.* Where the defendant is positively identified by four witnesses as having participated in the robbery with which he is charged, his defense of an alibi is not established where he offers only the testimony of two witnesses, whose testimony is not sufficient to warrant holding that the verdict of guilty is contrary to the evidence.

2. SAME—*court may sustain objections to form of questions on cross-examination.* Although questions of counsel for the defendant in cross-examining the State's witnesses refer to a subject matter of proper inquiry, the court may sustain objections thereto where the form of the questions is clearly objectionable.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HARRY B. MILLER, Judge, presiding.

SAMUEL L. GOLAN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, Mario Chiostri, with Walter Shoultens, was convicted of the crime of robbery while armed with a gun, and he brings the record here for review.

On the morning of December 9, 1924, the Bryn Mawr State Bank, in Chicago, was robbed. Four men engaged in the crime. One appeared at a window in the bank and asked for change for a five-dollar note. While the note was being changed by Dan Carroll, one of the tellers, he was ordered, at the point of a gun, to hold up his hands and to go into the bank vault. About that time Alan D. Whitney, the vice-president of the bank, was confronted at his desk by another of the robbers, who covered him with a gun and ordered him to hold up his hands. Whitney and the employees of the bank were ordered to enter the vault and to open the compartment containing the currency and coin. When that was opened, the man identified as plaintiff in error took out the money, amounting to $16,700, and left the bank in company with the other men. Plaintiff in error was arrested the following August in St. Paul, Minnesota, and returned to Chicago. He and Shoultens were identified by the witnesses Whitney, Carroll and two others, employees of the bank. The testimony of the State showed that the four men were armed with pistols, and that when they left the bank plaintiff in error had the money in his possession.

Plaintiff in error took the witness stand and denied the charges made against him. His defense was an alibi; that he was in St. Paul at the time of the robbery, and the testimony of two witnesses was offered to corroborate that claim. His contentions made here are, that the verdict was contrary to the law and the evidence, and that the court erred in limiting the examination of certain of the State's witnesses.

The identification of plaintiff in error was positive by four witnesses. While it is argued in the briefs that because four witnesses for the State all identified plaintiff in error at the same time, it was, in fact, the identification of but one man and the other three adopted the suggestion of the first to identify him, there is nothing in the record

to indicate that this was true. The identification was unshaken, and therefore we cannot say that the jury were not justified in believing the State's witnesses.

Plaintiff in error offered the testimony of George LaRue and his wife, both of whom testified that they were living in St. Paul during December, 1924. LaRue testified that a man brought plaintiff in error to him for employment as a salesman on the last day of November, 1924, and the witness told plaintiff in error he could start to work on the next day; that he did work for witness for a period of two weeks; that he had a drawing account of $25 a week, but he got no salary because he brought in no business in the line in which he was working. This witness' wife testified that during the first week in December her husband brought plaintiff in error out to their house for dinner. She did not testify as to how long he remained in the employment of LaRue. LaRue on cross-examination testified that he was then living in Chicago and had lived there about two weeks before the trial; that he had severed his connection with the company with which he had been employed in St. Paul. The jury, who heard all the evidence, evidently did not believe the defense of alibi. We are unable to say that their verdict is contrary to the evidence.

Plaintiff in error's second contention is that the court limited his counsel in cross-examination of certain of the State's witnesses. We have read the abstract pertaining to this objection, and while it appears that the court sustained objections to certain questions put by counsel for plaintiff in error on cross-examination which apparently referred to a subject matter of proper inquiry, yet the form of the questions was clearly objectionable, and the court cannot be said to have erred in sustaining the objections thereto.

No reversible error appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*